IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                                    **8:11CR65**

          vs.

DOUGLAS I. SUING,                                    **MEMORANDUM AND ORDER**

                    Defendant.

          This matter is before the Court on the request of the defendant seeking compassionate release. Filing No. 106. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court permitted the government and probation time to file their briefs and reports. Filing No. 109. Proof of exhaustion was filed by defendant's counsel. Filing No. 107-4. The defendant filed his inmate request for compassionate release which was never acted on by the Bureau of Prisons. The government filed a brief in response. Filing No. 112.

          Suing is serving a 210 months sentence for Production/Manufacturing of Child Pornography 18 U.S.C. 2251(a) and a lifetime of supervised release. The offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years. The victim was 12 and 13 years old during the instant offense. The instant offense involved the commission of a sexual act and sexual contact. The defendant was the victim's uncle. Finally, the offense involved the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct.

1

## DISCUSSION

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Accordingly, an initial review of the defendant's claim will involve these inquiries:

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

1.      Has the defendant exhausted administrative remedies?

2.      Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3.      Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4.      Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more dangerous than we typically accept. *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020). The Attorney General has directed the BOP to consider increased use of home confinement for at-risk inmates. Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

*A. Exhaustion*

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant . . . satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Defendant filed such a motion with the BOP and 30 days have elapsed. *See* Filing No. 107-4.

*B. Medical Vulnerability*

Next, the Court finds that defendant's physical and medical vulnerability to

3

COVID-19 are extraordinary.   *See* e.g., U.S.S.G. § 1B1.13 comment. n.1(A)-(C). However, Cameron's medical conditions do not outweigh his danger to society and thus is not qualified for compassionate release, as discussed hereinafter.  As Judge Gerrard recently observed in Jenkins, there is currently "no 'applicable' policy statement cabining the Court's discretion to act under § 3582(c)(1)(A)."  *United States v. Jenkins*, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020); *see also United States v. Redd*, 2020 WL 1248493, at *5 ( E.D. Va. March 16, 2020) ("there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'"); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (canvassing cases and holding that courts, rather than the outdated policy statements, should determine whether a defendant qualifies for compassionate release); *United States v. Beck*, 425 F. Supp.2d 573, 579 (M.D.N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).").

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners.  It is unprecedented.  COVID-19 appears to pose a particular risk for individuals with certain existing health conditions.  These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Defendant is 58 years old.  He has at least three risk factors.  Mr. Suing was

diagnosed with a pituitary adenoma which is a type of brain tumor. As a result, he suffers from a brain tumor, depression, bi-polar disorder, and social anxiety. He also has hypertension, GERD, sleep apnea and asthma. He is quite obese.

Defendant is currently at the Englewood Federal Correctional Institution (low security). According to the most recent BOP statistics FCI Englewood currently has 34 inmates positive for COVID-19, 7 staff members positive, with no inmate or staff deaths.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors. *See also* § 3582(c)(1)(A). The government argues that the medical factors do not outweigh the seriousness of defendant's criminal history and propensity for young children and contends that Suing is a danger to the community. There were over 124,000 images and 1,400 videos of child pornography on Suing's hard drive. Additional images and videos were found in his apartment, as well as child pornography that he had manufactured and produced. This included images of his 12-year old nephew.

He does have a minor disciplinary record in the BOP. His most recent disciplinary record occurred on April 14, 2020 for giving and accepting money without authorization. Prior to this, he had a disciplinary incident on May 27, 2014 for lying/falsifying a statement and being in an unauthorized area. He is on a BOP wait list for sex offender treatment or programs. It does appear he would have an adequate placement with his mother and father in their home, although they are elderly, and the father is sick.

There is evidence that defendant poses a threat to the public.[2]  The Court believes that prison incarceration is necessary "to protect the public from further crimes of the defendant." § 3553(a)(2)(C).  He has only completed eight years of his seventeen and a half year sentence.  The probation officer points out that Cameron has on at least two occasions failed to abide by the rules while in prison.  In addition, defendant victimized his nephew and filmed the encounters between them in sexual acts.  The Court agrees that, at this time, the defendant's health risk factors do not outweigh the potential danger to the community.  Based on these findings, the Court finds that the § 3553(a) factors militate to denying defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

THEREFORE, for the reasons stated herein, defendant's Motion for Compassionate Release, Filing No. 106, is DENIED.

Dated this 27th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] The government argues that defendant is present a danger to the community.  Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger for release or detention of a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1) – (4).